UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT NO. |
| v. | VIO: 21 U.S.C. § 846 |
| | Conspiracy to Possess with Intent |
| LAMETHEUS TERENCE DOUGLAS, | to Distribute and to Distribute |
|     AKA "MEPHY," | Marihuana |
| KAI JACOBIE BOLDEN, | |
|     AKA "DWAYNE DEANGELO WALLACE," | 18 U.S.C. § 1956(h) |
| DESHAWN BINAH REILLY, | Conspiracy to Launder Monetary |
|     AKA "DUSHAWN REILLY," | Instruments |
|     AKA "LEO HURTAULT," | |
|     AKA "CHARLES EDWARD WHEELER," | 18 U.S.C. § 2 |
| LARRY TURNER DOUGLAS, JR., | Aiding and Abetting |
| CUREL TAYLOR REILLY, | |
|     AKA "CRUEL TAYLOR," | Forfeiture Allegation |
|     AKA "CURELL TAYLOR," | |
|     AKA "CRUEL RHONDA TAYLOR," | |
| SAMORY TOURE WILLIAMS, | |
|     AKA "T," | |
| JOVAN ANTUAN MYRICK, | |
| DELMUS LOCKHART, JR., | |
| BRIAN DONIVAN ULMER, | |
| VICOBRI ROYKIAM MILLER, | |
|     AKA "COBY," | |
| DARVIN ESQUIRE STRAND, JR. | |

CR416-353

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times material to this Indictment:

1.      The Controlled Substances Act, 21 U.S.C. § 841 et. seq. (CSA) governs the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA makes it "unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense ... a controlled substance," or conspire to do so.

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and those controlled substances are then assigned to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. The term "Schedule I" means that the drug has a high potential for abuse; the drug has no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of the drug or other substance under medical supervision. 21 U.S.C. § 812(b)(1).

4. Pursuant to the CSA and its implementing regulations: Marihuana is classified as a Schedule I controlled substance. 21 C.F.R. § 1308.11(d)(23).

5. The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term "distributor" means a person who so delivers a controlled substance or a listed chemical. (21 U.S.C. § 802(11)).

## MANNER AND MEANS OF CONSPIRACIES

6. On multiple occasions between May 1, 2011 and December 24, 2014, the defendants obtained marihuana, typically in quantities in excess of 25 pounds, at locations in the States of Texas and California. The marihuana was acquired with the intent to resell it for profit at multiple locations in the United States, including the Southern District of Georgia.

7. In order to acquire the marihuana, some of the defendants, including Lametheus Terence Douglas, Kai Jacobie Bolden, Deshawn Binah Reilly, Curel Taylor Reilly, and Brian Donivan Ulmer, would travel by commercial airline and other means, from locations in the

Southern District of Georgia, Northern District of Georgia, and elsewhere, to Texas and California where their sources of supply distributed marihuana.

8. The defendants leased an apartment located at 202 South 48th Lane, McAllen Texas, as a base of operation while they were in Texas to acquire marihuana. The apartment was leased in the name of the defendant Delmus Lockhart, Jr.

9. In order to purchase the marihuana from their sources of supply, defendants needed to pay cash on delivery. The purchase price for the marihuana typically exceeded $200 per pound. Given the quantity of marihuana being purchased, the defendants needed ready access to large sums of cash.

10. To facilitate the movement of the large sums of cash needed to pay for the marihuana, defendants opened, or instructed others to open, bank accounts at large banking institutions with branches in locations throughout the United States. These banks included Wells Fargo, Bank of America, JP Morgan Chase, and Regions Bank.

11. Some defendants, including Lametheus Terence Douglas, Kai Jacobie Bolden, Deshawn Binah Reilly, Larry Turner Douglas, Jr., Curel Taylor Reilly, Samory Toure Williams, Jovan Antuan Myrick, and Delmus Lockhart, Jr., and Darvin Esquire Strand, Jr., opened bank accounts, or instructed others to open bank accounts, in the defendants' names, in fictitious names, or in the names of nominal businesses, which they then used to promote the carrying on of the aforesaid unlawful activity and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the distribution of marihuana and their involvement in the unlawful activity. None of these nominal businesses had any legitimate business purpose.

12. Once opened, these bank accounts allowed the defendants to quickly move, or "funnel," funds across large distances without the risks associated with the physical transportation of cash. Defendants caused cash to be deposited into these "funnel" accounts at or near the time of the purchase of the marihuana. The deposits were typically made in locations throughout the United States, often by "straw" parties who were not the actual owners of the funds being deposited. These deposits were accomplished by making multiple deposits at different times on the same day, or consecutive days, at the same bank branch location, and sometimes by making deposits on the same day, or consecutive days, at different bank branch locations. A majority of these cash deposits were "structured," that is, deposited into these various accounts in amounts less than $10,000 in order to avoid triggering a transaction reporting requirement required under Federal law.

13. After cash was deposited into a funnel accounts as described above, it would then be withdrawn from the account, often in structured amounts, at a bank branch in the source region of Texas or California where the marihuana was being purchased. Oftentimes, little time elapsed between the deposits and withdrawals. Once withdrawn, the funds were used to purchase marihuana.

14. Once purchased, the marihuana would be shipped via Federal Express, using numerous Federal Express shipping accounts held in fictitious names, to locations in the Southern District of Georgia, and elsewhere, including the States of Alabama, California, Florida, Michigan, Minnesota, Mississippi, New York, Pennsylvania, and Tennessee. The persons to whom the packages were shipped included the defendants Lametheus Terence Douglas, Curel Taylor Reilly, Javon Antuan Myrick, Delmus Lockhart, Jr., and Vicobri Roykiam

4

Miller. Upon receipt, the packages would be taken to one or more stash houses controlled by Lametheus Terence Douglas, Kai Jacobie Bolden, Deshawn Binah Reilly, Curel Taylor Reilly, and others. There the marihuana was packaged for resale.

15.   After the marihuana was resold by the defendants, the proceeds were deposited into the various bank accounts described above with the intent to promote the carrying on of the aforesaid unlawful activity and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the distribution of marihuana.

16.   From May 1, 2011 through December 24, 2014, more than $8,000,000 in cash was deposited to accounts controlled by the defendants. During this time, more than $3,000,000 was withdrawn from these accounts by the defendants in the regions where the marihuana was purchased.

## COUNT ONE
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE MARIHUANA

17   Paragraphs 1 through 16 of the Indictment are re-alleged and incorporated fully herein by reference.

18.   Beginning on or about May 1, 2011, and continuing through on or about December 24, 2014, in Chatham County, Bulloch County, and other counties within the Southern District of Georgia, and elsewhere, the defendants herein:

**LAMETHEUS TERENCE DOUGLAS,**
   **AKA "MEPHY,"**
**KAI JACOBIE BOLDEN,**
   **AKA "DWAYNE DEANGELO WALLACE,"**
**DESHAWN BINAH REILLY,**
   **AKA "DUSHAWN REILLY,"**
   **AKA "LEO HURTAULT,"**
   **AKA "CHARLES EDWARD WHEELER,"**

5

LARRY TURNER DOUGLAS, JR.,
CUREL TAYLOR REILLY,
 AKA "CRUEL TAYLOR,"
 AKA "CURELL TAYLOR,"
 AKA "CRUEL RHONDA TAYLOR,"
SAMORY TOURE WILLIAMS,
 AKA "T,"
JOVAN ANTUAN MYRICK,
DELMUS LOCKHART, JR.,
BRIAN DONIVAN ULMER,
VICOBRI ROYKIAM MILLER,
 AKA "COBY," AND
DARVIN ESQUIRE STRAND, JR.,

aided and abetted by each other and by others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with intent to distribute and to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); all done in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 846.

## COUNT TWO
### CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS

19. Paragraphs 1 through 18 of the Indictment are re-alleged and incorporated fully herein by reference.

20. Beginning on or about May 1, 2011, and continuing through on or about December 24, 2014, in Chatham County, Bulloch County, and other counties in the Southern District of Georgia, and elsewhere, the defendants herein,

> LAMETHEUS TERENCE DOUGLAS,
>     AKA "MEPHY,"
> KAI JACOBIE BOLDEN,
>     AKA "DWAYNE DEANGELO WALLACE,"
> DESHAWN BINAH REILLY,
>     AKA "DUSHAWN REILLY,"
>     AKA "LEO HURTAULT,"
>     AKA "CHARLES EDWARD WHEELER,"
> LARRY TURNER DOUGLAS, JR.,
> CUREL TAYLOR REILLY,
>     AKA "CRUEL TAYLOR,"
>     AKA "CURELL TAYLOR,"
>     AKA "CRUEL RHONDA TAYLOR,"
> SAMORY TOURE WILLIAMS,
>     AKA "T,"
> JOVAN ANTUAN MYRICK,
> DELMUS LOCKHART, JR., AND
> DARVIN ESQUIRE STRAND, JR.,

aided and abetted by each other and by others known and unknown, did knowingly and intentionally combine, conspire, and agree together and with each other, and with others known and unknown, to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is the unlawful dispensation and distribution of marihuana, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 841(a)(1), and which the defendants knew to be the

proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified unlawful activity, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); all done in violation of Title 18, United States Code, Sections 2 and 1956(h).

## FORFEITURE ALLEGATION

21.    Upon conviction of the Title 21 offense set forth in Count One of this Indictment, the defendants,

> LAMETHEUS TERENCE DOUGLAS,
>     AKA "MEPHY,
> KAI JACOBIE BOLDEN,
>     AKA "DWAYNE DEANGELO WALLACE,"
> DESHAWN BINAH REILLY,
>     AKA "DUSHAWN REILLY,"
>     AKA "LEO HURTALT,"
>     AKA "CHARLES EDWARD WHEELER,"
> LARRY TURNER DOUGLAS, JR.,
> CRUEL TAYLOR REILLY,
>     AKA CRUEL TAYLOR,
>     AKA CURELL TAYLOR,
>     AKA CRUEL RHONDA TAYLOR,
> SAMORY TOURE WILLIAMS,
>     AKA "T,"
> JOVAN ANTUAN MYRICK,
> DELMUS LOCKHART, JR.,
> BRIAN DONIVAN ULMER,
> VICOBRI ROYKIAM MILLER
>     AKA "COBY," AND
> DARVIN ESQUIRE STRAND, JR.,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of their right, title and interest in and to any property, real and personal, (1) constituting or derived

from any proceeds the defendants obtained, directly or indirectly, as the result of such violation and all property traceable to such property; (2) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

22. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h) set forth in Count Two of this Indictment, the defendants,

    **LAMETHEUS TERENCE DOUGLAS,**
        **AKA "MEPHY,"**
    **KAI JACOBIE BOLDEN,**
        **AKA "DWAYNE DEANGELO WALLACE,"**
    **DESHAWN BINAH REILLY,**
        **AKA "DUSHAWN REILLY,"**
        **AKA "LEO HURTALT,"**
        **AKA "CHARLES EDWARD WHEELER,"**
    **LARRY TURNER DOUGLAS, JR.,**
    **CRUEL TAYLOR REILLY,**
        **AKA "CRUEL TAYLOR,"**
        **AKA "CURELL TAYLOR,"**
        **AKA "CRUEL RHONDA TAYLOR,"**
    **SAMORY TOURE WILLIAMS,**
        **AKA "T,"**
    **JOVAN ANTUAN MYRICK,**
    **DELMUS LOCKHART, JR., AND**
    **DARVIN ESQUIRE STRAND, JR.,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

23. The property to be forfeited includes, but is not limited to, a sum of money equal to (1) the proceeds the Defendant obtained directly or indirectly as a result of the Title 21 offenses charged in this Indictment, (2) the value of the property used or intended to be used to facilitate such offenses, and/or (3) the value of all property involved in the money laundering conspiracy charged in this Indictment; that is, a minimum of $8,000,000 in United States dollars, and all property traceable thereto.

24. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), either standing alone or as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the said defendants up to an amount equivalent to the value of the above-described forfeitable property.

A True Bill.

_____
Foreman

_____
Edward J. Tarver
United States Attorney
Georgia Bar No. 698380

_____
James D. Durham
First Assistant United States Attorney
Georgia Bar No. 235515

_____
Brian T. Rafferty
Assistant United States Attorney
New York Bar No. 2809440

_____
Karl I. Knoche*
Assistant United States Attorney
Georgia Bar No. 426624
*lead counsel