IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR416-353 |
| | ) | |
| DESHAWN BINAH REILLY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**O R D E R**

Before the Court are Defendant Deshawn Binah Reilly's Motion to Participate in Voir Dire (Doc. 204) and Motion in Limine (Doc. 228). Defendant's Motion to Participate in Voir Dire is **DENIED**. The Court will conduct voir dire in this case according to its usual practice, which does provide counsel some opportunity to ask jurors follow-up questions based on their answers to the Court's inquiries.

With respect to Defendant's prior conviction, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, such evidence is admissible when introduced "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Rule 404(b) evidence must "(1) be relevant

to an issue other than the defendant's character; (2) be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) be of probative value that is not substantially outweighed by undue prejudice and meet the other requirements under Fed. R. Evid. 403." United States v. Patrick, 536 F. App'x 840, 842 (11th Cir. 2013) (citing United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)).

In his motion, Defendant argues that his 2005 conviction in California for the possession of marijuana for sale is inadmissible because in 2017 a California court reduced that offense to a misdemeanor. (Doc. 228 at 3.) While unclear, it appears that Defendant reasons that allowing the Government to introduce the conviction as a felony would be unfairly prejudicial. However, Federal Rule of Evidence 404(b) does not restrict admission of prior acts to only felony offenses. Moreover, Defendant will have the opportunity to inform the jury that the conviction was later reduced to a misdemeanor offense. Accordingly, Defendant's Motion in Limine (Doc. 228) is **DENIED**.

SO ORDERED this 2nd day of November 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA