IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR416-353 |
| ) | |
| DESHAWN BINAH REILLY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Deshawn Binah Reilly's Motion to Quash Indictment (Doc. 507), which the Government has opposed (Doc. 508). For the following reasons, Defendant's motion (Doc. 507) is **DISMISSED IN PART** and **DENIED IN PART**.

In December 2017, Defendant pleaded guilty to possession with intent to distribute marijuana. (Doc. 378.) Defendant was sentenced to a term of 200 months' imprisonment. (Doc. 442 at 2.) According to the Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Yazoo City Low in Yazoo City, Mississippi with a projected release date of May 16, 2030. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on January 12, 2021).

In his motion, Defendant "requests that the Court set aside and void the Judgement that [was] entered against him." (Doc.

507 at 15.) Specifically, Defendant alleges the indictment in this case is defective because the U.S. Attorney and Assistant U.S. Attorney prosecuting his case had not taken the required oath of office at the time he was indicted. (Id. at 6-7.) As the Government notes, Defendant's motion is a challenge to the validity of his sentence. (Doc. 508 at 1.) The proper vehicle for these types of claims is a motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); United States v. Llewelyn, 879 F.3d 1291, 1296 (11th Cir. 2018). Accordingly, Defendant's motion (Doc. 507) is **DISMISSED**.[1]

Defendant also moves the Court to issue an order directing former U.S. Attorney Edward Tarver and Assistant U.S. Attorney Karl Knoche to show cause as to why they should not be disqualified from this case. (Doc. 507 at 1.) Defendant contends that Tarver and Knoche did not take the required oath of office and, therefore, should be disqualified from representing the

---

[1] Even if Defendant's motion were properly before the Court, the motion would be denied. Challenges based on a "defect in instituting the prosecution" or "defect in the indictment or information" must be raised before trial or will be waived. Fed. R. Crim. P. 12(b)(3); see United States v. Anderson, No. 4:11-CR-006-01-HLM-WEJ, 2019 WL 4678563, at *3 (N.D. Ga. Sept. 6, 2019) ("Defendant waived his Appointments Clause challenge by failing to raise such a challenge in accordance with Federal Rule of Criminal Procedure 12.") (citing United States v. Suescun, 237 F.3d 1284, 1286-86 (11th Cir. 2001)). Defendant did not challenge the validity of the indictment or prosecution prior to entering his plea of guilty and, therefore, waived any such challenge. Suescun, 237 F.3d at 1286-86.

Government in this case. (Id. at 2-4.) In support of his claim, Defendant attached to his motion two Freedom of Information Act requests, in which he requested documents pertaining to the Oaths of Office for both Tarver and Knoche. (Id. at 17-18.) In response to the requests, the Executive Office for United States Attorneys ("EOUSA") provided Defendant with a copy of Knoche's Oath of Office, with the signature line redacted. (Id. at 25.) The EOUSA also informed Defendant that it was unable to find Tarver's Oath of Office. (Id. at 20.)

"[T]he disqualification of Government's counsel is an extraordinary measure that must be used sparingly." United States v. Hameen, No. 2:18-cr-115-j-34-JBT, 2018 WL 6571232, at *1 (M.D. Fla. Dec. 13, 2018) (citing United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2013)). In this case, Defendant has not established that Tarver or Knoche failed to take the required Oath of Office. Notably, Defendant received a copy of Knoche's Oath of Office. (Doc. 507 at 25.) Additionally, while the EOUSA could not locate Tarver's Oath of Office, the EOUSA informed Defendant that a copy of the document might be obtained from the National Archives Records Administration. (Id. at 20-21.) Because Defendant has not demonstrated that he requested Tarver's Oath of Office from the National Archives, the Court finds that Defendant has not provided sufficient evidence to warrant the issuance of a show cause order at this time.

3

Accordingly, to the extent Defendant requests that the Court issue a show cause order, Defendant's motion (Doc. 507) is **DENIED**.

## CONCLUSION

Accordingly, Defendant's Motion to Quash Indictment (Doc. 507) is **DISMISSED IN PART** and **DENIED IN PART**.

SO ORDERED this 14th day of January 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
OF GEORGIA